1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PETRINO,                              Case No.  1:20-cv-01111-HBK

12                    Plaintiff,                  OPINION AND ORDER AFFIRMING THE
                                                 COMMISSIONER [2]
13          v.
                                                 (Doc. Nos. 17, 18)
14   KILOLO KIJAKAZI,
     COMMISSIONER OF SOCIAL
15   SECURITY,[1]

16                    Defendant.

17

18          David Petrino ("Plaintiff"), seeks judicial review of a final decision of the Commissioner

19   of Social Security ("Commissioner" or "Defendant") denying his application for disability

20   insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the

21   Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 17, 18).

22   For the reasons stated, the Court affirms the Commissioner's decision.

23                          I.      JURISDICTION

24          Plaintiff protectively filed for supplemental security income on December 5, 2017,

25   _____

26   [1] This action was originally filed against Andrew Saul in his capacity as the Commissioner of Social
     Security.  (*See* Doc. 1 at 1).  The Court has substituted Kilolo Kijakazi, who has since been appointed the
     Acting Commissioner of Social Security, as the defendant.  *See* Fed. R. Civ. P. 25(d).
27

28   [2]  Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C.
     §636(c)(1).  (Doc. No. 19).

1    alleging an onset date of April 1, 2017.  (AR 165-68).  Benefits were denied initially (AR 100-04)

2    and upon reconsideration (AR 108-12).  Plaintiff appeared for a hearing before an administrative

3    law judge ("ALJ") on May 28, 2019.  (AR 37-71).  Plaintiff testified at the hearing and was

4    represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 12-36) and the Appeals Council

5    denied review (AR 1).  The matter is now before this court pursuant to 42 U.S.C. § 1383(c)(3).

## II.     BACKGROUND

7        The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's

8    decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are

9    summarized here.

10       Plaintiff was 43 years old at the time of the hearing.  (*See* AR 180).  He graduated from

11   high school and a culinary academy.  (AR 185).  Plaintiff lived with a roommate.  (AR 63).  He

12   has a work history as a bank teller, pastry cook, inventory clerk, general office clerk, and medical

13   insurance or billing clerk.  (AR 43-53, 65-66).  Plaintiff testified that he can no longer work

14   because of fatigue, pain, weakness, and lack of coordination.  He reported that doing "anything

15   for more than 20 minutes" requires him to lay down, and his right leg has been completely numb

16   for two years.  (AR 54).  Plaintiff testified that he regained "quite a bit" of use of his right arm

17   after physical therapy, but still struggles with dexterity and has to do things slowly.  (AR 60-61).

18   He has trouble focusing, feels overwhelmed, gets easily frustrated, and does not want to see

19   anybody.  (AR 61-64).

## III.     STANDARD OF REVIEW

21       A district court's review of a final decision of the Commissioner of Social Security is

22   governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the

23   Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or

24   is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial

25   evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a

26   conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence

27   equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

28   citation omitted).  In determining whether the standard has been satisfied, a reviewing court must

2

1   consider the entire record as a whole rather than searching for supporting evidence in isolation.

2   *Id.*

3         In reviewing a denial of benefits, a district court may not substitute its judgment for that of

4   the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible

5   to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

6   2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is

7   harmless.  *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate

8   nondisability determination."  *Id.* (quotation and citation omitted).  The party appealing the ALJ's

9   decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556

10  U.S. 396, 409-10 (2009).

11                    **IV.    SEQUENTIAL EVALUATION PROCESS**

12        The Commissioner has established a multi-step sequential evaluation process for

13  determining whether a person's disability has ended.  20 C.F.R. §§ 404.1594(f), 416.994(b)(5).

14  This multi-step continuing disability review process is similar to the five-step sequential

15  evaluation process used to evaluate initial claims, with additional attention as to whether there has

16  been medical improvement.  Compare 20 C.F.R. § 404.1520 and 416.920 with § 404.1594(f) and

17  416.994(b)(5), respectively.  A claimant is disabled only if his impairment is "of such severity

18  that he is not only unable to do his previous work[,] but cannot, considering his age, education,

19  and work experience, engage in any other kind of substantial gainful work which exists in the

20  national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

21        Determination of whether a person's eligibility has ended for disability benefits involves

22  an eight-step process under Title II and a seven-step process under Title XVI.  20 C.F.R. §

23  404.1594(f).  The Title XVI process is identical to the Title II process, except for the

24  consideration of substantial gainful activity at the beginning of the disability insurance process

25  and not during the Title XVI process.  These otherwise identical steps are broadly summarized as

26  follows.

27        The first step addresses whether the claimant is engaging in substantial gainful activity.

28  20 C.F.R. §§ 404.1594(f)(1).  If not, step two determines whether the claimant has an impairment

or combination of impairments that meet or equal the severity of listed impairments set forth at 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. § 404.1594(f)(2). If the impairment does not equal a listed impairment, the third step addresses whether there has been medical improvement in the claimant's condition. 20 C.F.R. § 404.1594(f)(3). Medical improvement is "any decrease in the medical severity" of the impairment that was present at the time the individual was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1). If there has been medical improvement, at step four, a determination is made whether such improvement is related to the claimant's ability to perform work—that is, whether there has been an increase in the individual's residual functional capacity. 20 C.F.R. § 404.1594(f)(4). If the answer to step four is yes, the Commissioner skips to step six and inquires whether all of the claimant's current impairments in combination are severe.

If there has been no medical improvement or medical improvement is not related to the claimant's ability to work, the evaluation proceeds to step five. At step five, consideration is given to whether the case meets any of the special exceptions to medical improvement for determining that disability has ceased. 20 C.F.R. § 404.1594(f)(5). At step six, if medical improvement is shown to be related to the claimant's ability to work, a determination will be made to assess whether the claimant's current impairments in combination are severe—that is, whether they impose more than a minimal limitation on his physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1594(f)(6). If the answer to that inquiry is yes, at step seven the ALJ must determine whether the claimant can perform past relevant work. 20 C.F.R. § 404.1594(f)(7); *see also* SSR 82-61, *available at* 1982 WL 31387.

Finally, at step eight, if the claimant cannot perform past relevant work, a limited burden of production shifts to the Commissioner to prove there is alternative work in the national economy that the claimant can perform given his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1594(f)(8). If the claimant cannot perform a significant number of other jobs, he remains disabled despite medical improvement; if, however, he can perform a significant number of other jobs, disability ceases. *Id*.

Prior to the final step, the burden to prove disability and continuing entitlement to disability benefits is on the claimant. 20 C.F.R. § 416.994; *cf. Bowen v. Yuckert*, 482 U.S. 137,

146 n. 5 (1987).  The Commissioner must consider all evidence without regard to prior findings and there must be substantial evidence that medical improvement has occurred.  42 U.S.C. §§ 423(f)(1), 1382c(a)(4).  The Commissioner views the evidence in a continuing disability review from a neutral perspective, without any initial inference as to the existence of disability being drawn from a prior finding of disability.  42 U.S.C. §§ 423(f)(1), 1382c(a)(4).  If the analysis proceeds to step seven, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  *Cf. Bowen v. Yuckert*, 482 U.S. at 146 n. 5; and *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (applying the same burden at the initial disability determination).

## V.    ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date.  (AR 19).  Next, the ALJ found that prior to August 11, 2017, the date Plaintiff became disabled, he had the following medically determinable impairments: abscess and human immunodeficiency virus (HIV).  (AR 20).  The ALJ found Plaintiff did not have any severe impairment or combination of impairments during this time period.  (AR 20).  However, the ALJ then found that from August 11, 2017 through August 18, 2018, Plaintiff had the severe impairment of hypertension and status-post a series of ischemic strokes in August 2017, resulting in right-sided hemiplegia; and further, during that same time period, the severity of Plaintiff's impairments met the criteria of Listing 11.04(B).  (AR 22).  Thus, Plaintiff was under a disability, as defined by the Social Security Act, from August 11, 2017 through August 18, 2018.

At step two, the ALJ found that beginning August 19, 2018, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1.  (AR 26).  At step three, the ALJ found medical improvement occurred as of August 19, 2018.  (AR 27).  At step four, the ALJ found Plaintiff's medical improvement was related to his ability to work.  (AR 27).  Thus, the ALJ skipped to step six and found that Plaintiff has not developed any new impairments or impairments since the date Plaintiff's disability ended; thus, Plaintiff's severe impairments are the same as those present from August 11, 2017 through August 18, 2018.  (AR 24).  At step seven,

the ALJ found that, beginning on August 19, 2018, Plaintiff has had the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b), except his standing and/or walking are limited to no more than 2 hours, cumulatively, during the workday; his sitting is unlimited.  He is limited to occasional climbing of ramps and stairs; he cannot climb ropes, ladders, or scaffolds.   [Plaintiff] is limited to occasional balancing, stooping, kneeling, crouching, and crawling.  His walking is limited to even terrain; and, he requires the use of a cane for ambulation over 50 yards.   [Plaintiff] must be protected from workplace hazards, such as unprotected heights and dangerous moving mechanical parts.

(AR 28).  The ALJ then determined that beginning August 19, 2018, Plaintiff has been capable of performing past relevant work as a medical billing clerk. (AR 31).  On that basis, the ALJ concluded that Plaintiff's disability ended on August 19, 2018, and Plaintiff has not become disabled again since that date.  (AR 32).

## VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying his disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issue for this Court's review: whether the ALJ properly weighed the medical opinion evidence.  (Doc. No. 17 at 3-5).

## VII.    DISCUSSION

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant

(including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Here, state agency reviewing doctors Dr. Scott Spoor and Dr. Shabnam Rehman, M.D. reviewed Plaintiff's medical records at the April 2018 initial level review, and the August 2018 reconsideration review, respectively, of his application for disability insurance benefits.  (AR 81-82, 95-96).  The ALJ jointly considered the opinions as they assessed the exact same limitations.  (AR 29).  Dr. Spoor and Dr. Rehman opined that Plaintiff could lift and/or carry 25 pounds occasionally and 10 pounds frequently.  He could stand and/or walk two hours in a workday and sit about six hours in a workday.  He could occasionally engage in all postural activities, and

avoid concentrated exposure to hazards.  (AR 81-82, 95-96).  The ALJ found the opinion fully

persuasive for the period beginning August 19, 2018, but not fully persuasive for the period from

August 11, 2017 through August 18, 2018 because during that period the ALJ found greater

limitations and that Plaintiff's impairment met Listing 11.04.  (AR 29-30).

Plaintiff generally argues that "the ALJ's use of their opinions is inconsistent and not

supported by substantial evidence."  (Doc. No. 17 at 4).  In particular, Plaintiff argues that the

ALJ impermissibly "gave different weight to the same portions of the opinions at different stages

of the sequential analysis."  (*Id.*).  However, Plaintiff does not cite any case law or legal authority

to support a finding that the ALJ erred by parsing the opinions in this manner; rather, Plaintiff

concedes that it is "not uncommon for an ALJ to give different weight to different portions of an

opinion based on the medical evidence supporting each portion of the opinion."  (*Id.* (citing

*Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989)).  Moreover, Plaintiff fails to

specifically challenge the reasons given by the ALJ for finding the opinion fully, and then less

than fully, persuasive.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th

Cir. 2008) (court may decline to address issues not raised with specificity in Plaintiff's opening

brief).  Regardless, the Court notes the ALJ considered the opinions as per the new regulations,

finding the opinions were supported with references to unremarkable examination findings and

consistent with Plaintiff's testimony for the period beginning August 19, 2018, but not fully

persuasive for the closed period of disability because examination notes during this time indicated

a worsening numbness and parasthesia of the right arm and leg, impaired gait and difficulty

balancing, decreased sensation, and dysmetria on the right.  (AR 29-30); *see* 20 C.F.R. §

404.1520c(c)(1)-(2) (ALJ is required to consider supportability and consistency when evaluating

the persuasiveness of an opinion).

Finally, even were the Court to find the ALJ erred in considering the reviewing medical

opinion evidence, any error would be harmless.  The ALJ did not rely on the state agency

reviewing opinions to find Plaintiff was disabled for the closed period from August 2017 –

August 2018.  Instead, the ALJ found that Plaintiff met Listing 11.04 during that portion of the

relevant adjudicatory period.  (AR 22-24).  Plaintiff fails to challenge that finding with specificity

1   in his opening brief, nor does he challenge the ALJ's finding that Plaintiff no longer met the

2   Listing as of August 18, 2018 due to medical improvement.  (AR 27).  Moreover, as noted by

3   Defendant, "[e]ven if the ALJ incorrectly analyzed these prior administrative medical findings,

4   which she did not, there is no harmful error as both prior administrative medical findings opined

5   to less limitations than in the RFC and adopting either would not have prevented Plaintiff from

6   performing his past relevant work."  (Doc. No. 18 at 20) (citing *Molina v. Astrue*, 674 F.3d 1104,

7   1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the [ALJ's] ultimate

8   nondisability determination.")).

9        Plaintiff briefly contends that the ALJ's "treatment of the opinions" is not harmless

10  because the "ALJ found Plaintiff disabled for a closed period in part because of [Plaintiff's]

11  limited manipulative functioning described in the report of Dr. C.E. Sharma."  (Doc. No. 17 at 4-

12  5).  This argument is unavailing.  Plaintiff is correct that Dr. Sharma opined manipulative

13  "limitations in holding, feeling and fingering objects with the right hand to occasionally."  (AR

14  555).  However, in contrast to Plaintiff's claim that Dr. Sharma's opinion was found "credible,"

15  the ALJ specifically found that the manipulative restrictions assessed by Dr. Sharma were *not*

16  *persuasive* as they were supported by the record at the end of the closed period.  (AR 30).

17  Plaintiff does not identify or challenge this finding.  *See Carmickle*, 533 F.3d at 1161 n.2 (court

18  may decline to address issues not raised with specificity in Plaintiff's opening brief).  Thus, as

19  noted by Defendant, "Plaintiff appears to suggest that he had manipulative limitations that were

20  unaccounted for in the RFC, although he failed to articulate how the ALJ's evaluation of the

21  evidence, aside from the [state agency reviewing opinions], were in error."  (Doc. No. 18 at 20-22

22  (noting the ALJ considered evidence of medical improvement as of August 19, 2018 showing full

23  strength in Plaintiff's upper extremities and no sensation abnormalities)).  Similarly, Plaintiff fails

24  to cite, nor does the Court discern, evidence in the record that the ALJ relied on Dr. Sharma's

25  opinion in finding Plaintiff disabled for the closed period, as opposed to relying on objective

26  evidence to support a finding that Plaintiff met Listing 11.04 at step three, as indicated in the

27  decision.  (AR 22-24).

28        Based on the foregoing, the Court finds the ALJ properly considered the medical opinion

9

evidence, and even assuming, *arguendo*, that the ALJ erred in considering the state reviewing opinions, any error is harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion).

## VIII.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly considered the medical opinion evidence.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **ORDERED**:

1.   The decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.

2.   The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:   February 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE